[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 6, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-16011
Non-Argument Calendar

_____

D. C. Docket No. 03-01647-CV-JOF-1

VELIMIR PAVLOV,
DUMITRA PAVLOV,

Plaintiffs-Appellants,

versus

INGLES MARKETS, INC.,
GWINNETT COUNTY,

Defendants-Appellees,

GREG TOLBERT, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(June 6, 2007)**

Before BIRCH, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Velimir and Dumitra Pavlov (collectively "the Pavlovs"), proceeding pro se, appeal the district court's April 11, 2006, grant of summary judgment to defendant Ingles Markets, Inc. ("Ingles") on various state-law claims, and the district court's subsequent denial of a motion to reconsider.[1] The district court granted Ingles summary judgment, finding that Velimir Pavlov was judicially estopped from pursuing these claims because he had failed to disclose the instant litigation as an asset in his Chapter 13 bankruptcy.[2]

"We review the district court's application of judicial estoppel for abuse of discretion." Burnes v. Pemco Aeroplex, Inc., 291 F.3d 1282, 1284 (11th Cir. 2002) (internal citation omitted). We review the denial of a motion to reconsider for an abuse of discretion. Fla. Ass'n of Rehab. Facilities, Inc. v. State of Fla. Dept. of Health and Rehab. Serv., 225 F.3d 1208, 1216 (11th Cir. 2000).

After careful consideration of the briefs of the parties, and thorough review

_____

[1] The district court had previously granted summary judgment to defendants Gwinnett County, police officer C.E. Morris, and police chief W.H. Dean (collectively, "the Gwinnett County defendants"), and had dismissed defendant Greg Tolbert from the case. While the Pavlovs' identified this March 22, 2005, order in their notice of appeal, they do not argue these issues on appeal and have, therefore, abandoned them. See Allison v. McGhan Medical Corp., 184 F.3d 1300, 1317 n. 17 (11th Cir. 1999).

[2] As a debtor in a Chapter 13 bankruptcy, Velimir Pavlov retains standing to pursue legal claims. See Crosby v. Monroe County, 394 F.3d 1328, 1331 n.2 (11th Cir. 2004).

2

of the record, we find no reversible error. The district court correctly determined that judicial estoppel could be applied against the Pavlovs' claims, despite any interest of the bankruptcy Trustee in the causes of action as the property of Velimir Pavlov's bankruptcy estate. See Burnes v. Pemco Aeroplex, Inc., 291 F.3d 1282, 1284 (11th Cir. 2002); De Leon v. Comcar Indus., Inc., 321 F.3d 1289 (11th Cir. 2003). Although we held in Parker v. Wendy's Int'l, Inc., 365 F.3d 1268 (11th Cir. 2004), that the district court had abused its discretion in applying judicial estoppel because the plaintiff's cause of action was the property of her Chapter 7 bankruptcy estate, we find that case distinguishable. In Parker, judicial estoppel could not be applied against the bankruptcy Trustee who had made no inconsistent statements and who had intervened as a party-plaintiff in the underlying lawsuit; however, in this case there has been no appearance of any Trustee, through intervention or otherwise. The record in this case leads us to conclude that there was no abuse of discretion in the application of judicial estoppel or in the denial of Pavlovs' motion to reconsider.

**AFFIRMED.**