Vijayakumar MOSES, Plaintiff,

v.

HOWARD UNIVERSITY HOSPITAL, Defendant.

Civil Action No. 01–2528 (PLF).

United States District Court, District of Columbia.

Feb. 19, 2009.

Vijayakumar Moses, Riverdale, MD, pro se.

Heidi L. Gunst, Mary A. House, Akin Gump Strauss Hauer & Feld, LLP, Janet M. Nesse, Gins & Seeber, P.C., James C. Strouse, Strouse Legal Services, Columbia, MD, for Plaintiff.

Daretia M. Hawkins, Leroy T. Jenkins, Jr., Howard University, Stephen Eric Baskin, Kilpatrick Stockton, LLP, Washington, DC, Rachael L. Zichella, Kilpatrick Stockton LLP, Atlanta, GA, for Defendant.

## MEMORANDUM OPINION AND ORDER

PAUL L. FRIEDMAN, District Judge.

This matter is before the Court on several post-judgment motions by plaintiff Vijayakumar Moses' Chapter 7 bankruptcy trustee, Janet M. Nesse, and defendant Howard University Hospital's responses to Ms. Nesse's motions. For the reasons discussed below, the Court will grant Ms. Nesse's motion to substitute her for Mr. Moses as the plaintiff in this case; grant in part and deny in part Ms. Nesse's motion to alter or amend the Court's July 1, 2008, 567 F.Supp.2d 62, Opinion and Judgment, which granted summary judgment to Howard and dismissed this case from the docket of the Court; deny Ms. Nesse's motion to enforce an alleged settlement agreement between Ms. Nesse and Howard; and deny Ms. Nesse's request for a hearing on her motions.[1]

## I. BACKGROUND

On July 1, 2008, the Court granted summary judgment in Howard's favor on Mr. Moses' one remaining claim and dismissed this case from the docket of this Court. The Court concluded that Mr. Moses' claim was barred by the doctrine of judicial estoppel because Mr. Moses had failed to disclose the existence of this lawsuit in two bankruptcy proceedings: one in 2003 (under Chapter 7 of the Bankruptcy Code) and one in 2007 (under Chapter 13 of the Bankruptcy Code). *See Moses v. Howard Univ. Hospital,* 567 F.Supp.2d 62, 69 (D.D.C.2008).[2] In the course of rendering its decision, the Court denied Mr. Moses' motion to add Ms. Nesse as a plaintiff. As the Court explained:

> [T]he authority and discretion to intervene in Mr. Moses' lawsuit belongs to Ms. Nesse; Mr. Moses may not unilater-

---

1. The papers submitted in connection with this matter include: Bankruptcy Trustee Janet Nesse's Motion to Substitute Bankruptcy Trustee as Plaintiff, with Points and Authorities ("Mot. Substitute") and defendant's opposition thereto ("Mot. Substitute Opp."); Bankruptcy Trustee Janet Nesse's Motion to Alter or Amend Judgment, with Points and Authorities ("Mot. Alter") and defendant's opposition thereto ("Mot. Alter Opp."); and Bankruptcy Trustee Janet Nesse's Motion to Enforce Settlement Agreement, with Points and Authorities ("Mot. Enforce") and defendant's opposition thereto ("Mot. Enforce Opp."). In addition, as indicated above, Ms. Nesse has requested a hearing on her three motions. Howard has not responded to that request.

2. Mr. Moses ultimately obtained a discharge of unsecured debts in the amount of approximately $20,000 as a result of the 2003 bankruptcy proceeding. Mr. Moses' 2007 bankruptcy proceeding was closed when the bankruptcy court rejected Mr. Moses' Chapter 13 confirmation plan. *See Moses v. Howard Univ. Hospital,* 567 F.Supp.2d at 65–66.

ally inject her into this matter. Not only has Ms. Nesse not attempted to intervene, Mr. Moses has offered no evidence suggesting that she wishes to do so.

*Id.* In other words, the Court did not conclude that substituting Ms. Nesse as a plaintiff was improper. Indeed, as Ms. Nesse correctly observes, "[u]pon filing a bankruptcy petition [under Chapter 7 of the Bankruptcy Code], a debtor [loses] standing to pursue a cause of action that predates the filing"; at that point, "the bankruptcy trustee assumes the status of the real party in interest" and may choose to intervene as a plaintiff in the action and pursue the debtor's claim on behalf of the bankruptcy estate. Mot. Substitute at 3 (citing *Detrick v. Panalpina, Inc.,* 108 F.3d 529, 535–36 (4th Cir.1997)). The Court merely concluded that Mr. Moses was not entitled to decide, on Ms. Nesse's behalf, whether Ms. Nesse would exercise her discretion to pursue his claim on behalf of the bankruptcy estate.

Unbeknownst to this Court, however, Ms. Nesse—and Howard—had begun acting as if Ms. Nesse was a party to this case long before the Court issued its Opinion and Judgment of July 1, 2008. According to Ms. Nesse, Mr. Moses filed and

the United States Bankruptcy Court for the District of Maryland ("Bankruptcy Court") granted [his] Motion to Reopen Chapter 7 Case on January 24, 2008. Shortly thereafter, the Trustee and Stephen Baskin, counsel for Howard, began to discuss a potential settlement of this action.

On April 3, 2008, the Trustee met first with Mr. Moses and his counsel and then with Mr. Baskin. At that time, Mr. Baskin presented the outlines of Howard's settlement offer. The Trustee indicated that the offer was generally acceptable and Mr. Baskin agreed to memorialize the offer in writing with all details and necessary explanations. . . . Mr. Baskin did not deliver the written settlement proposal to the Trustee until June 5, 2008. The Trustee then telephoned Mr. Baskin to inform him of her agreement to the terms and then prepared a Motion for Approval of Compromise of Controversy Pursuant to Fed. R. Bankr.P. 9019 ("9019 Motion"). The 9019 Motion was filed in the Bankruptcy Court on June 26, 2008.

Mot. Alter at 1–2 (paragraph numbers omitted). Howard does not dispute this account, except to argue that its settlement offer—which it withdrew upon issuance of this Court's July 1, 2008 Opinion and Judgment—was merely "tentative." Mot. Alter Opp. at 2.[3]

Ms. Nesse now argues that the Court should (1) substitute her for Mr. Moses as a plaintiff in this matter because she is the real party in interest, *see* Mot. Substitute at 3; (2) alter or amend the July 1, 2008 Opinion and Judgment to indicate that they do not bar Ms. Nesse from pursuing Mr. Moses' claim on behalf of the bankruptcy estate, *see* Mot. Alter at 3–5; and (3) order Howard to honor the settlement agreement described in the aforementioned 9019 Motion on the ground that "[t]he writing prepared by Mr. Baskin . . . on behalf of Howard constituted an offer, which the Trustee accepted when she telephoned Mr. Baskin and when she filed the 9019 Motion in the Bankruptcy Court." Mot. Enforce at 3. In response, Howard urges the Court not to substitute Ms. Nesse as a plaintiff because Ms. Nesse did

---

**3.** Howard filed its motion for summary judgment invoking the doctrine of judicial estoppel on December 10, 2007. At no time between the filing of its motion and the issuance by the Court of its Opinion and Judgment of July 1, 2008 did Howard advise the Court that settlement discussions involving Ms. Nesse were underway.

not move to intervene in a timely manner. *See* Mot. Substitute Opp. at 3–4. Howard also argues that Ms. Nesse "fails to demonstrate grounds for altering or amending the judgment" of July 1, 2008 under Rule 59(e) of the Federal Rules of Civil Procedure. Mot. Alter Opp. at 3. Finally, Howard maintains that the Court should not enforce the settlement agreement for several reasons—one of which is that Howard cannot be forced to perform under the agreement because a condition precedent to its operation (namely, approval by the Bankruptcy Court) has not occurred. *See* Mot. Enforce Opp. at 6–7 (describing the Bankruptcy Court's approval as a condition precedent).[4]

## II. DISCUSSION

### A. *Motion to Substitute Ms. Nesse As Plaintiff*

■ The Court will grant Ms. Nesse's motion to substitute. While Ms. Nesse could have—and probably should have—sought to intervene in this matter earlier, the Court will excuse her failure to do so for three reasons: First, it would be inequitable to deny Ms. Nesse's motion because the effect of doing so would be to punish her (and Mr. Moses' creditors) for the misdeeds of Mr. Moses. Second, it would be inequitable to deny Ms. Nesse's motion in light of the fact that Howard was perfectly willing to behave as if Ms. Nesse was a party to this action until July 1, 2008—that is, until it benefited Howard to argue otherwise. Third and finally, the cases cited by Howard in its opposition to Ms. Nesse's motion to substitute are inapposite. *See* Mot. Substitute Opp. at 3 (cit-

ing *Pavlov v. Ingles Markets, Inc.*, 236 Fed.Appx. 549 (11th Cir.2007); *Lexxus Int'l v. Loghry*, 512 F.Supp.2d 647 (N.D.Tex.2007)). In neither case was the doctrine of judicial estoppel invoked to bar the claims of a blameless bankruptcy trustee who had failed to formally intervene but nevertheless clearly expressed her intent to prosecute a debtor's claim on behalf of the bankruptcy estate. Rather, the doctrine was invoked to bar the claims of *individual debtors* notwithstanding the possibility that those debtors' bankruptcy trustees—who had failed to inject themselves into the case "through intervention or otherwise," *Pavlov v. Ingles Markets, Inc.*, 236 Fed.Appx. at 550—might have some interest in the action.

### B. *Motion to Alter or Amend the Judgment*

■ The Court will grant Ms. Nesse's motion to alter or amend the judgment pursuant to Rule 59(e) in part and deny it in part. Specifically, the Court will amend the July 1, 2008 Opinion to make clear that it bars Mr. Moses—but not Ms. Nesse—from prosecuting Mr. Moses' claim against Howard. The Court will also issue an amended Judgment in lieu of its July 1, 2008 Judgment to make clear that (1) judgment has been granted to Howard on Mr. Moses' one remaining claim only to the extent that that claim is prosecuted by Mr. Moses on his own behalf, and (2) this case is not dismissed from the docket of this Court. The Court will not, however, deny Howard's motion for summary judgment on judicial estoppel grounds.

---

4. According to Ms. Nesse,

[o]n October 20, 2008, the Bankruptcy Court conducted an evidentiary hearing on the 9019 Motion to determine whether the settlement agreement between the Trustee and Howard complied with the requirements of Rule 9019. The Bankruptcy Court

then continued the matter pending rulings by this Court on the [motions discussed in this Memorandum Opinion and Order].

Bankruptcy Trustee Janet M. Nesse's Status Report and Request for Hearing at 2 (Nov. 11, 2008) (paragraph numbers omitted).

The decision whether to grant a Rule 59(e) motion is discretionary with the Court; it may be granted if the Court finds that there is "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Ciralsky v. CIA*, 355 F.3d 661, 671 (D.C.Cir. 2004) (internal quotation marks and citation omitted). For the Court in this case to decline to amend its July 1, 2008 Opinion and Judgment would work a "manifest injustice" in two related ways. First, it would have the unintended and undesirable effect of barring Ms. Nesse's ability to prosecute Mr. Moses' claim on behalf of the bankruptcy estate even though it was Mr. Moses, not Ms. Nesse, who made inconsistent statements to the Court. *See* Mot. Alter at 4 (citing cases in support of the proposition that the misconduct of individual debtors and the doctrine of judicial estoppel should not be invoked to bar the claims of blameless trustees). Second, it would unfairly disadvantage Mr. Moses' creditors by foreclosing the possibility of some recovery for the bankruptcy estate. *See id.*

The Court will deny Ms. Nesse's motion to the extent that it seeks to have Howard's motion for summary judgment on judicial estoppel grounds denied rather than granted because Howard was and remains entitled to summary judgment on Mr. Moses' one remaining claim so long as that claim is prosecuted by Mr. Moses on his own behalf.

### C. Motion to Enforce the Settlement Agreement

The Court will deny Ms. Nesse's motion to enforce the settlement agreement because, so far as this Court knows, the Bankruptcy Court has not approved the agreement, and the plain terms of that agreement—as reflected in Ms. Nesse's 9019 Motion—make approval by the Bankruptcy Court a condition precedent to performance. *See* Mot. Enforce Opp. at 6–7; *see also* Mot. Enforce, Ex. B, Trustee's Motion for Approval of Compromise of Controversy Pursuant to Fed. R. Bankr.P. 9019 at 3 (filed with the United States Bankruptcy Court for the District of Maryland on June 26, 2008) ("All parties acknowledge that the Settlement is expressly subject to the approval of the Court[.]"). Thus, even assuming that the settlement agreement is otherwise a valid and binding contract—a point that Howard disputes— it is clear that Howard owes Ms. Nesse no legal duty under the agreement at this time. *See Lloyd v. Mukasey*, 568 F.Supp.2d 2, 17–18 (D.D.C.2008).

Finally, because the above discussion addresses all of the issues currently before the Court, the Court will deny Ms. Nesse's motion for a hearing. Accordingly, it is hereby

ORDERED that Ms. Nesse's Motion to Substitute Bankruptcy Trustee as Plaintiff, with Points and Authorities [95] is GRANTED. Janet M. Nesse is hereby substituted for Vijayakumar Moses as the plaintiff in this suit; it is

FURTHER ORDERED that Ms. Nesse's Motion to Alter or Amend Judgment, with Points and Authorities [96] is GRANTED in part and DENIED in part. The Court hereby amends its July 1, 2008 Opinion by deleting section III.D of that Opinion. The purpose of that amendment is to make clear that the July 1, 2008 Opinion does not preclude Ms. Nesse from pursuing Mr. Moses' claim on behalf of the bankruptcy estate.

In addition, the Court will issue an amended Judgment in lieu of its July 1, 2008 Judgment. The amended Judgment will provide that (1) judgment is granted to Howard on Mr. Moses' one remaining claim only so long as that claim is prosecuted by Mr. Moses on his own behalf, and

(2) this case is not dismissed from the docket of this Court; it is

FURTHER ORDERED that Ms. Nesse and Howard will engage in good faith efforts to settle this matter. If settlement fails, the Court will order the parties to submit briefs describing how they wish to proceed; it is

FURTHER ORDERED that Ms. Nesse's Motion to Enforce Settlement Agreement, with Points and Authorities [97] is DENIED; it is

FURTHER ORDERED that Ms. Nesse's Status Report and Request for Hearing [105] is DENIED; and it is

FURTHER ORDERED that the parties shall file a joint report informing the Court of the status of this matter on or before March 30, 2009.

SO ORDERED.

*AMENDED ORDER AND JUDGMENT*

For the reasons stated in the Memorandum Opinion and Order issued this same day, it is hereby

ORDERED that the Order and Judgment issued on July 1, 2008 is VACATED and this AMENDED JUDGMENT is substituted for it; and it is

FURTHER ORDERED that summary judgment is granted to defendant Howard University Hospital with respect to former plaintiff Vijayakumar Moses' one remaining claim only to the extent that that claim is prosecuted by Mr. Moses on his own behalf. Bankruptcy trustee Janet M. Nesse is not precluded from prosecuting Mr. Moses' claim on behalf of Mr. Moses' bankruptcy estate.

This case is not dismissed from the docket of this Court.

SO ORDERED.