Littleton Family Division
No. 2010-224

CINDY LEONE

v.

RICHARD LEONE

Argued: January 13, 2011
Opinion Issued: February 25, 2011

*New Hampshire Legal Assistance,* of Littleton (*Ruth Heintz* on the brief and orally), for the petitioner.

*Jason R. Crance,* of Hanover, by brief and orally, for the respondent.

DALIANIS, C.J. The respondent, Richard Leone, appeals a decision by the Littleton Family Division (*Cyr,* J.) denying his request to testify telephonically in defense of the domestic violence petition brought by the petitioner, Cindy Leone. We reverse and remand.

The record reveals the following facts. The parties met in Vermont in 1999 and moved to Mississippi together the following year. They married in 2005 and had two children, a son born in 2006 and a daughter born in 2007. The family resided together in Mississippi until approximately January 6, 2010, when the petitioner left for New Hampshire with the children because she was "in fear of [her] life and [her] children's" lives. After the petitioner arrived in New Hampshire, she gave birth to the couple's third child.

On or about February 2, 2010, the respondent filed a complaint for divorce in Mississippi alleging habitual cruel and inhumane treatment and seeking custody of the parties' minor children. On February 8, 2010, the petitioner filed a domestic violence petition pursuant to RSA chapter 173-B in the Littleton Family Division alleging that the respondent had physically and emotionally abused her for nine years.

A hearing on the petitioner's domestic violence petition was held on March 8, 2010. The respondent was in Mississippi at the time, but participated in the hearing telephonically and through his New Hampshire attorney. At the conclusion of the petitioner's testimony, the respondent's attorney moved to dismiss the petition. The court denied the motion. The respondent's attorney then requested that the respondent be permitted to testify telephonically to present his defense. The court denied the motion stating:

> THE COURT: I'm having a problem with that. I do not usually allow people to testify telephonically. I have to judge their demeanor, their credibility. If they're not in front of me, how can I do that?
>
> . . . .
>
> THE COURT: I'm not going to allow it. I do not allow telephonic testimony. Never have, never will.

This appeal followed.

The sole issue on appeal is whether the trial court erred by denying the respondent's request to testify telephonically. Because the parties do not

contest the admissibility of telephonic testimony, we assume without deciding that telephonic testimony is admissible. *Cf. In re Estate of Broderick*, 191 P.3d 284, 290 (Kan. 2008) (recognizing that jurisdictions are split on propriety of telephonic testimony), *cert. denied*, 129 S. Ct. 1320 (2009).

"The trial court has broad discretion in managing the proceedings before it." *In the Matter of Sawyer & Sawyer*, 161 N.H. 11, 18 (2010) (quotation omitted). We review the trial court's rulings in this area under our unsustainable exercise of discretion standard. *Id.* at 18. This means that we review only whether the record establishes an objective basis sufficient to sustain the discretionary judgment made. *In the Matter of Heinrich & Curotto*, 160 N.H. 650, 655 (2010). The trial court's decision is unsustainable if it is clearly untenable or unreasonable to the prejudice of the respondent's case. *Buzzard v. F.F. Enterprises*, 161 N.H. 28, 29 (2010).

We conclude that the trial court's denial of the respondent's request to testify telephonically was untenable and unreasonable to the prejudice of his case. *See id.* at 30. Although the trial court noted that it needed to assess the respondent's credibility and demeanor, it went on to state, "I do not allow telephonic testimony. Never have, never will." Given that neither party contested the admissibility of telephonic testimony, the trial court's blanket denial, without considering other factors relevant to this case, was an unsustainable exercise of its discretion. *See In the Matter of Costa & Costa*, 156 N.H. 323, 333 (2007) (failure to exercise discretion constitutes unsustainable exercise of discretion); *cf. Buzzard*, 161 N.H. at 30 (trial court must consider "countervailing considerations such as expense, security, or logistics" before denying incarcerated prisoner's request to participate in civil proceeding telephonically (quotation omitted)).

Depending upon the circumstances of the case, the court could consider such factors as: (1) the defendant's ability to travel to New Hampshire, *see Ferrante by Ferrante v. Ferrante*, 485 N.Y.S.2d 960, 962 (Sup. Ct. 1985) (elderly plaintiff unable to travel permitted to testify by videotaped conference call); *Silvers v. Silvers*, 999 P.2d 786, 790 (Alaska 2000) (considering significant travel expenses that would be incurred by party residing out of state); (2) the nature of the proceedings, *see In the Matter of Morrill and Morrill*, 147 N.H. 116, 117 (2001) (domestic violence victims entitled to immediate and effective police protection and judicial relief); RSA 173-B:3, VII(a) (2002) (requiring hearing within 30 days of filing of domestic violence petition or within 10 days of service of process upon respondent); (3) the consequences facing the respondent, *see, e.g.*, RSA 173-B:5, I(b)(5) (2002) (temporary custody awards); RSA 173-B:5, II (Supp. 2010) (restricting ability to purchase guns and ammunition during

duration of order); (4) whether the court has the technological capability to accommodate such a request, *see Guardianship/Conservatorship of Van Sickle*, 694 N.W.2d 212, 218 (N.D. 2005); (5) whether the petitioner had any objection to the testimony, *see Silvers*, 999 P.2d at 790; and (6) whether there were other methods by which the respondent could provide his testimony, such as by videoconferencing, or whether the respondent's attorney could provide evidence of the respondent's testimony by an offer of proof.

The record in this case does not establish an objective basis sufficient to sustain the discretionary judgment made by the trial court because the court failed to consider any factors relevant to the respondent's request to testify telephonically. *See In the Matter of Heinrich & Curotto*, 160 N.H. at 655. Accordingly, the trial court unsustainably exercised its discretion, and we reverse and remand for further proceedings consistent with this opinion.

*Reversed and remanded.*

DUGGAN, HICKS, CONBOY and LYNN, JJ., concurred.