Hillsborough-northern judicial district
No. 2011-661

ROBERT SURPRENANT

v.

DEBORAH MULCRONE

Submitted: April 5, 2012
Opinion Issued: April 20, 2012

Robert Surprenant, by brief, *pro se.*

*Preti, Flaherty, Beliveau, & Pachios, PLLP,* of Concord (*William C. Saturley* and *Mark H. Puffer* on the brief), for the defendant.

CONBOY, J. The plaintiff, Robert Surprenant, appeals the order of the Superior Court (*Brown,* J.) dismissing his claims against the defendant, Deborah Mulcrone, under the doctrine of absolute quasi-judicial immunity. We affirm.

The following facts derive from the record. The defendant was the guardian ad litem (GAL) for the plaintiff's son in a contested case between the plaintiff and the son's mother. The defendant was appointed to investigate how the plaintiff and his son's mother should divide parenting time and residential responsibility for their son. In her final report to the court, submitted in January 2011, the defendant observed that while the plaintiff originally disclosed a prior conviction for driving while under the influence, he failed to disclose his entire criminal history. The defendant noted that the plaintiff had "a history of charges and/or convictions which occurred in NH and FL, such as sexual assault, criminal restraint, resisting arrest or detention, disorderly conduct, simple assault, theft of services, criminal trespassing, kidnapping [and] larceny." The defendant stated in her report that although it was "commendable" that the plaintiff had had no similar criminal charges since 1994, his failure to disclose his prior charges was "troubling."

In June 2011, the plaintiff filed the instant lawsuit against the defendant, alleging that the statements in her final report were negligently made and breached an implied contract with the plaintiff to observe "reasonable standards of care and fair dealing." The defendant moved to dismiss, arguing that because the actions about which the plaintiff complains were all taken in her capacity as a court-appointed GAL, she was immune from liability under the doctrine of absolute quasi-judicial immunity. The trial court agreed and granted the motion to dismiss. This appeal followed.

The sole issue for our review is whether the trial court erred when it ruled that the defendant was entitled to absolute quasi-judicial immunity. In reviewing a motion to dismiss, our standard of review is whether the allegations in the plaintiff's pleadings are reasonably susceptible of a construction that would permit recovery. *McNamara v. Hersh,* 157 N.H. 72, 73 (2008). We assume the plaintiff's allegations to be true and construe all reasonable inferences in the light most favorable to him. *See id.* We need not, however, accept allegations in the writ that are merely conclusions of law. *Beane v. Dana S. Beane & Co.,* 160 N.H. 708, 711 (2010). We then engage in a threshold inquiry, testing the facts alleged in the pleadings

against the applicable law. *Id.* We will uphold the trial court's grant of a motion to dismiss if the facts pleaded do not constitute a basis for legal relief. *Id.*

■ "The doctrine of quasi-judicial immunity has long been recognized in this State, and has been explained as the rule of public policy which protects judicial officers and those exercising judicial functions from liability in actions of tort for wrongs committed by them when acting in that capacity." *Gould v. Director, N.H. Div. of Motor Vehicles*, 138 N.H. 343, 346 (1994) (quotation and ellipsis omitted). "It has been repeatedly decided in this state that when an officer or a board is called upon to pass upon evidence and decide, their conclusion cannot be collaterally attacked, and that they are not liable to answer in a suit for their action. The reason given in the cases is that such action is judicial." *Id.* (quotation omitted). "Where immunity applies we do not look to the motives of the immune official — the immunity applies even when the [official] is accused of acting maliciously and corruptly." *Id.* (quotation omitted).

■ In this case, the plaintiff alleges that the defendant acted unlawfully when she made certain statements in her final GAL report to the court. "A GAL, by virtue of being appointed by a judge and acting in the service of the court, acts as a government official when performing those duties delegated to the GAL by the court." *Hall v. Markiewicz*, No. 08-cv-494-PB, 2009 WL 2447648, at *2 (D.N.H. Aug. 9, 2009); *cf.* SYSTEM-WIDE GAL APPLICATION, CERTIFICATION AND PRACTICE RULES 2.2(b) (GAL serves as an officer of the court). "Absolute judicial immunity attaches when a GAL performs certain delegated duties because of the intimate relationship between the GAL and the court in the judicial process." *Marr v. Maine Dept. of Human Services*, 215 F. Supp. 2d 261, 268 (D. Me. 2002). "In essence, the judicial immunity applicable to the appointing judge extends to the acts of the GAL thereby providing the GAL with what is called quasi-judicial immunity, a form of absolute immunity." *Id.* To determine whether a GAL's conduct is protected by absolute immunity, courts analyze the nature of the duties performed and whether they are "closely associated with the judicial process." *Id.* (quotation omitted); *see Cok v. Cosentino*, 876 F.2d 1, 3 (1st Cir. 1989). "Conduct intimately related to the judicial process justifies the extension of quasi-judicial immunity." *Marr*, 215 F. Supp. 2d at 268.

■ Judicial immunity has been extended to protect the GAL's acts of investigating, meeting with children, making reports and recommendations to the court, and testifying in court. *Id.* In *Cok*, the First Circuit Court of Appeals ruled that a GAL, responsible for gathering information, prepar-

ing a report, and making a recommendation to the court, functioned as an agent of the court and, therefore, was entitled to absolute immunity for these acts. *Id.* at 269; *see Cok,* 876 F.2d at 3.

■ The same holds true here. *See Marr,* 215 F. Supp. 2d at 269. The plaintiff alleges that the defendant was appointed to be the child's GAL and, in that capacity, investigated and issued a final report to the court. In performing these duties, the defendant carried out a function that was "integral to the judicial process," and she is entitled to absolute quasi-judicial immunity for the plaintiff's claims that she performed these duties negligently and in violation of the covenant of good faith and fair dealing. *Id.* (quotation omitted).

■ Contrary to the plaintiff's assertions, the fact that the defendant is also an attorney does not warrant a different result. To determine the scope of immunity to be afforded in a specific situation, we examine the act complained of, not merely the title of the actor. *Gould,* 138 N.H. at 346. Here, the defendant performed all of the acts about which the plaintiff complains in her role as a GAL.

For all of the above reasons, therefore, we uphold the trial court's dismissal of the plaintiff's lawsuit.

*Affirmed.*

DALIANIS, C.J., and HICKS and LYNN, JJ., concurred.