## THE STATE OF NEW HAMPSHIRE

## SUPREME COURT

**In Case No. 2014-0379, <u>David D. Vandenberg v. Judith Hamilton</u>, the court on January 8, 2015, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The plaintiff, David Vandenberg, appeals an order by the Superior Court (<u>Smukler</u>, J.) dismissing his action against the defendant, Judith Hamilton, on the basis of absolute quasi-judicial immunity. <u>See</u> <u>Surprenant v. Mulcrone</u>, 163 N.H. 529, 532 (2012). The defendant was appointed guardian ad litem (GAL) in a parenting action in Superior Court, and the plaintiff's claims in this case challenge the defendant's conduct in connection with the parenting case. On appeal, the plaintiff contends that: (1) the defendant was not properly appointed GAL in the parenting action; (2) the defendant was not entitled to absolute quasi-judicial immunity because she "had no delegated duties, and she did not act in the interest of the trial court"; (3) "[t]he guardian-ad-litem order infringed [his] rights to Due Process and Equal Protection under the Fourth and Fourteenth Amendments to the U.S. Constitution"; (4) the defendant's fees involved "coerced payments . . . [and] constitute an unconstitutional taking of [his] property"; and (5) venue was improper. In addition, in his reply brief, he requests that we "exercise [our] original jurisdiction over this cause to consider and rule on measures to protect the minor [in the parenting case] from sexual abuse."

Generally, when reviewing a trial court's ruling on a motion to dismiss, we consider whether the plaintiff's allegations are reasonably susceptible of a construction that would permit recovery. <u>Gray v. Kelly</u>, 161 N.H. 160, 164 (2010). In this case, however, the defendant argues that the plaintiff's claims are barred by res judicata and that she is entitled to absolute quasi-judicial immunity. These are affirmative defenses, and the defendant bears the burden of establishing that they apply. <u>See</u> <u>id</u>. (addressing res judicata).

We first address the defendant's argument that res judicata bars the plaintiff's claims that she was not properly appointed as GAL, that the GAL appointment order violated the plaintiff's constitutional rights, and that her "conduct was not that of a GAL, but as [sic] a partisan advocate for the mother." The applicability of res judicata presents a question of law that we review <u>de novo</u>. <u>In the Matter of Hampers & Hampers</u>, 166 N.H. 422, 429 (2014). The doctrine prevents parties from relitigating matters actually litigated and matters that <u>could have</u> been litigated in the first action. <u>Id</u>. The doctrine applies if: (1) the parties are the same or in privity with one another; (2) the same cause of

action was before the court in both instances; and (3) the first action ended with a final judgment on the merits. Id. The term "cause of action" means the right to recover and refers to all theories upon which relief could be claimed arising out of the same factual transaction in question. Id. Even a default judgment can constitute res judicata in subsequent litigation involving the same cause of action. Gray, 161 N.H. at 164.

The parties here were involved in extensive litigation regarding the plaintiff's parenting rights. See Ross v. Gadwah, 131 N.H. 391, 395 (1988) (GAL is party to proceeding). In that case, the plaintiff raised issues concerning the defendant's actions as GAL. He states that he "filed three motions contesting the legality of [the defendant's] presence" in the underlying action. We conclude that any issues regarding her appointment, scope of activity, or fees, or the constitutionality of "[o]rders granted and derived from GAL recommendations" could have been raised in that action. The plaintiff did not appeal the final order in that action. Therefore, we conclude that res judicata precludes him from now contesting the defendant's appointment as GAL or the scope of her activities pursuant to that appointment.

We next address whether the defendant's activities as GAL are subject to quasi-judicial immunity. Absolute quasi-judicial immunity attaches when a GAL performs certain delegated duties because of the intimate relationship between the GAL and the court in the judicial process. Surprenant, 163 N.H. at 531. To determine whether a GAL's conduct is protected by absolute immunity, courts analyze the nature of the duties performed and whether they are closely associated with the judicial process. Id.

The plaintiff argues that the defendant is not entitled to immunity because she acted outside her role as GAL by "actively represent[ing] the mother's position before the trial court." However, the trial court in the parenting proceeding found that the defendant "at all times, acted in good faith in advocating what she believed to be in the best interests of the minor child." See Provencal v. Provencal, 122 N.H. 793, 798 (1982) (finding validity and reliability of guardian's methods were questions of fact), overruled on other grounds by Ross, 131 N.H. at 395. The plaintiff did not appeal this finding. Because the issues concerning the defendant's appointment as GAL and her actions pursuant to that appointment are settled by virtue of res judicata, the record on appeal establishes that, as a matter of law, the defendant is entitled to absolute quasi-judicial immunity for her actions in the underlying parenting case. See Surprenant, 163 N.H. at 532.

We next address whether venue was improper. We note that, although the plaintiff moved for a change of venue after the defendant moved to dismiss, the record does not reflect that the trial court ever expressly ruled upon the venue motion. We further note that the plaintiff does not claim that the trial judge who dismissed his case was in fact biased, but rather contends that "he cannot receive an impartial trial in Cheshire Superior Court, because he has already

suffered substantive denials of his fundamental and constitutional rights in this venue, for which [he] sought and was granted impeachment of Justice John Arnold."

The Superior Court may, in its discretion, change the venue in an action "when justice or convenience requires it." RSA 507:11 (2010). A change should be made if there is probable ground to apprehend that a fair and impartial trial cannot be had in the particular county. Baer v. Rosenblatt, 106 N.H. 26, 29 (1964), rev'd on other grounds, 383 U.S. 75 (1966). We will not disturb the trial court's decision regarding change in venue absent a plain showing of unsustainable discretion, id., which requires the plaintiff to show that the decision was clearly untenable or unreasonable to the prejudice of his case, see Leone v. Leone, 161 N.H. 566, 568 (2011).

In this case, regardless of the forum in which it was brought, the record unequivocally establishes the defendant's immunity from the plaintiff's claims as a matter of law. See Surprenant, 163 N.H. at 531-32. Therefore, even if we were to construe the trial court's order granting the motion to dismiss as implicitly denying the plaintiff's motion to change venue, he has not established that the denial of the venue motion was clearly untenable or unreasonable to the prejudice of his case. See Leone, 161 N.H. at 568.

We decline the plaintiff's invitation to exercise jurisdiction over the underlying parenting plan. Cf. In the Matter of Rix & Jathar, 161 N.H. 544, 548 (2011) ("We will not overturn a trial court's determination regarding an award of visitation except where there has been an unsustainable exercise of discretion."). The remaining issues raised by the plaintiff in his brief are either not sufficiently developed, see State v. Blackmer, 149 N.H. 47, 49 (2003), or otherwise do not warrant further discussion, see Vogel v. Vogel, 137 N.H. 321, 322 (1993).

Affirmed.

Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,
Clerk**

3