**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2015-0076, <u>Jahan Qureshi v. William J. Amann,
Esq. & a.</u>, the court on September 21, 2015, issued the following
order:**

Having considered the brief, the memoranda of law, and the record
submitted on appeal, we conclude that oral argument is unnecessary in this
case.  <u>See</u> <u>Sup. Ct. R.</u> 18(1).  We affirm.

The plaintiff, Jahan Qureshi, appeals orders of the Superior Court (<u>Brown</u>,
J.) dismissing his action against the defendants, William J. Amann, Esq., Craig,
Deachman & Amann, PLLC, AVICORE Reporting, and Sandra Day, LCR, RPR, for
lack of prosecution, and conditioning its reinstatement upon his payment of the
defendants' reasonable fees and costs associated with his failure to appear at the
final trial management conference.  He contends that the trial court erred by:  (1)
conditioning the reinstatement of his action upon his payment of the defendants'
attorney's fees; (2) dismissing his action; (3) concluding that he failed to
prosecute his action; and (4) denying him his "due process right to be heard."

This court has consistently held that we will not consider issues raised for
the first time on appeal.  <u>LaMontagne Builders v. Brooks</u>, 154 N.H. 252, 258
(2006).  Thus, to satisfy this preservation requirement, any issues which could
not have been presented to the trial court prior to its decision must be presented
to it in a motion for reconsideration.  <u>Super. Ct. Civ. R.</u> 12(e); <u>see</u> <u>N.H. Dep't of
Corrections v. Butland</u>, 147 N.H. 676, 679 (2002).  These rules are not relaxed for
self-represented parties.  <u>See</u> <u>In the Matter of Birmingham & Birmingham</u>, 154
N.H. 51, 56 (2006).  In this case, the record does not reflect that the plaintiff
challenged the conditions that the trial court placed upon the reinstatement of
his action in the trial court.  Accordingly, we conclude that this issue is not
preserved for our review.  <u>See</u> <u>Butland</u>, 147 N.H. at 679.

Even if we were to assume that this issue is properly before us, the trial
court has broad discretion in managing the proceedings before it.  <u>Leone v.
Leone</u>, 161 N.H. 566, 568 (2011).  The imposition of sanctions is a matter left
largely to the discretion of the trial court.  <u>Cole v. Hobson</u>, 143 N.H. 14, 15 (1998)
(addressing final default judgment as result of defendant's repeated conditional
defaults and his failure to appear at a pre-trial conference).  We will not disturb a
trial court's ruling on sanctions absent an unsustainable exercise of discretion.
<u>Id</u>. at 16.  The trial court's decision is unsustainable if it is clearly untenable or
unreasonable to the prejudice of the plaintiff's case.  <u>Leone</u>, 161 N.H. at 568.

This means that we review only whether the record establishes an objective basis sufficient to sustain the discretionary judgment made. Id.

The plaintiff argues that the trial court unsustainably exercised its discretion in dismissing the case for lack of prosecution because: (1) he objected to the defendants' motion for summary judgment, thereby prosecuting the case; (2) "due to the pending motions for summary judgment . . . [he] reasonably construed . . . that the trial either had been, or would be, continued"; (3) his failure to attend the final trial management conference was "an inadvertent mistake . . . precipitated by the fact that neither party submitted a pre-trial statement"; (4) he "visited the clerk's office to verify his belief regarding the continuance and was told the case file was not available"; (5) he was available by phone; and (6) the transcript of his telephone conversation with defendant Amann "illustrates such a clear-cut abuse of discretion and prejudice against [him] [ ] and [he], thereby, meets his burden." However, we conclude that none of these claims compel the conclusion that the trial court's decisions to dismiss the action and condition its reinstatement upon the plaintiff's payment of attorneys' fees due to his failure to attend the trial management conference were unreasonable or untenable.

The plaintiff concedes that he failed to attend the trial management conference. The only excuse he posits is that he believed that the trial would be continued. He does not contest that, as a result, the defendants were forced to incur unnecessary attorneys' fees. He merely argues that he "should not have to pay the defendants' attorney fees to continue a case where it is likely that the defendants[ ] participated in the commission of a crime." Accordingly, we conclude that the record establishes an objective basis sufficient to sustain the trial court's discretionary judgments.

The plaintiff's other arguments are either not sufficiently developed, see State v. Blackmer, 149 N.H. 47, 49 (2003), or otherwise do not warrant further discussion, see Vogel v. Vogel, 137 N.H. 321, 322 (1993).

Affirmed.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,
Clerk**

2