**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2015-0216, <u>Brian J. Goodman v. OneWest Bank, FSB</u>, the court on September 25, 2015, issued the following order:**

The defendant's motion to strike is granted as to the documents in the plaintiff's appendix at pages 20-23, 64-66, and 76, which the plaintiff agrees were not part of the trial court record; the motion is otherwise denied without prejudice as to the arguments made in the defendant's brief.

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We vacate and remand.

The plaintiff, Brian J. Goodman, appeals orders of the Superior Court (<u>Smukler</u>, J.) dismissing his claim against the defendant, OneWest Bank, FSB, and denying his motion to amend his complaint, arguing that the trial court unsustainably exercised its discretion in its orders.

The protracted history of this case includes numerous continuances requested by the parties and several periods of extended settlement negotiations. The plaintiff initiated the case in 2009 by filing an <u>ex parte</u> petition to enjoin a foreclosure, alleging that he was in the process of applying for a workout with the defendant and needed additional time to complete the process. The trial court granted the request on an <u>ex parte</u> basis and scheduled a temporary hearing. The court continued the temporary hearing twice at the parties' request before the plaintiff notified the court that the case had settled. On August 5, 2010, the court dismissed the case for the parties' failure to file settlement documents. On September 21, 2010, it vacated the dismissal at the request of the plaintiff, who asserted that there was a miscommunication between the parties regarding his loan modification request and that the case should be reopened pending a final agreement. The court scheduled a structuring conference, which it continued twice at the parties' request before issuing a structuring conference order on June 24, 2011, and scheduling a jury trial in July 2012. The court continued the trial three times at the parties' request before November 21, 2013, when the parties appeared for trial.

Earlier that month, the defendant moved <u>in limine</u> to preclude the plaintiff from asserting a claim for damages, arguing that his pleadings alleged only an equitable claim to enjoin a foreclosure. At a hearing held on the day

scheduled for trial, the court addressed the motion, noting that while the "pleadings [were] less than perfect," the case "ha[d] morphed . . . into a civil claim for damages for breach of contract and misrepresentation." The defendant argued that such a claim "ha[d] never been pled in the four year history of this case." The trial court started to respond, "If you thought that the thing had not been adequately pled – " before defense counsel interrupted and asserted that empaneling the jury would be a waste of time "when this case can be resolved between the parties." After the court granted the parties a brief recess, they notified the court that they had once again settled the case. Several months later, the plaintiff advised the court that the parties were unable to agree on the terms of the settlement. After a hearing on the plaintiff's motion to enforce the settlement, which had been continued numerous times at the parties' request, the court concluded on August 25, 2014, that there had been no meeting of the minds on settlement terms. The court returned the case to the active docket for a trial "on the plaintiff's claim that [the defendant] breached a contract to modify the plaintiff's note and mortgage" and scheduled the trial for March 2015.

On January 6, 2015, the defendant moved to dismiss for failure to plead a claim, arguing that the plaintiff "failed to allege any facts that would amount to any type of a breach, or any cause of action supported by any facts." The plaintiff objected, arguing that his allegations "have been stated on many court documents previously filed." The plaintiff referenced the trial court's November 21, 2013 ruling that he had alleged a cause of action for breach of contract. The plaintiff accompanied his objection with a motion to amend his complaint to "formally plead the Breach of Contract claim which was understood to be tried by the parties."

Without conducting a hearing on the motions or issuing a narrative order explaining its rationale, the trial court dismissed the case "for the reasons set forth in the [defendant's] motion" and denied the plaintiff's motion to amend as "untimely." On appeal, the plaintiff argues that the trial court erred in its orders, given the record in this case, which includes the court's ruling that although the plaintiff's pleadings were "less than perfect," it was prepared to seat a jury for a trial on the breach of contract claim.

We review the trial court's management of the proceedings before it under our unsustainable exercise of discretion standard. Leone v. Leone, 161 N.H. 566, 568 (2011). This means that we review only whether the record establishes an objective basis sufficient to sustain the discretionary judgment made. Id. The trial court's decision is unsustainable if it is clearly untenable or unreasonable to the prejudice of the plaintiff's case. Id. In this case, without a hearing transcript or narrative order explaining why the trial court granted the defendant's motion to dismiss, after rejecting the same arguments over a year earlier, and why it denied the plaintiff's motion to amend as "untimely," given its November 21, 2013 ruling, we conclude that the record

2

lacks an objective basis sufficient to sustain the trial court's discretionary judgment.  Accordingly, we vacate the trial court's orders and remand for further proceedings consistent with this order.

In light of our decision, we need not address the plaintiff's remaining arguments.

Vacated and remanded.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.


**Eileen Fox,**
**Clerk**