# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2022-0189, <u>Doreen M. Erickson & a. v. Kysa Crusco, Esq.</u>, the court on October 18, 2022, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). The plaintiffs, Doreen M. Erickson and Ella M. Duggan, appeal an order of the Superior Court (<u>Tucker</u>, J.) dismissing their complaint against the defendant, Kysa Crusco, Esq., for failing to state a claim upon which relief may be granted. In dismissing the complaint, which arises out of the defendant's alleged acts or omissions as guardian ad litem (GAL) in a contested parenting matter to which plaintiff Erickson was party and plaintiff Duggan was a subject child, the trial court determined that the defendant was entitled to absolute quasi-judicial immunity under <u>Surprenant v. Mulcrone</u>, 163 N.H. 529 (2012). On appeal, the plaintiffs argue that the trial court erred because, they claim, quasi-judicial immunity does not extend to a GAL's administrative or ministerial obligations, and the challenged conduct in this case allegedly concerned administrative or ministerial obligations. We affirm.

When reviewing a trial court order granting a motion to dismiss for failure to state a claim, we assume the truth of the well-pleaded allegations of fact in the complaint, and draw all reasonable inferences from those facts in the light most favorable to the plaintiff. <u>See</u> <u>Sivalingam v. Newton</u>, 174 N.H. 489, 494 (2021). We need not assume, however, the truth of statements in the complaint that are conclusions of law. <u>See</u> <u>id</u>. We then engage in a threshold inquiry that tests the facts against the applicable law. <u>See</u> <u>id</u>. In conducting this inquiry, we may consider documents attached to the plaintiff's pleadings, documents the authenticity of which the parties do not dispute, official public records, or documents sufficiently referred to in the complaint. <u>See</u> <u>id</u>. If the pleaded facts do not constitute a basis for legal relief, we will uphold a trial court decision granting a motion to dismiss. <u>See</u> <u>id</u>.

In <u>Surprenant</u>, we held that a GAL is entitled to absolute quasi-judicial immunity for acts performed within the GAL's function as a court-appointed agent. <u>Surprenant</u>, 163 N.H. at 531-32. In arguing that <u>Surprenant</u> is distinguishable, the plaintiffs contend that quasi-judicial immunity does not extend to acts that are administrative or ministerial in nature, and that the defendant's challenged conduct in this case was administrative or ministerial. The only act or omission that the plaintiffs specifically identify as administrative or ministerial, however, was the defendant's alleged failure to file her report in

the underlying parenting case in a timely manner, a failure that they argue violated RSA 490:26-g (2010).  The plaintiffs concede that, under Surprenant, a GAL's report filed "in conformance with" RSA 490:26-g is a "judicial act" that is "worthy of protecting under the doctrine of quasi-judicial immunity."  See id. at 532 (reasoning that investigating and issuing a final GAL report are actions that are "'integral to the judicial process,' and [are] entitled to absolute quasi-judicial immunity").

The record demonstrates that, in the underlying parenting case, plaintiff Erickson moved to strike the GAL report and exclude her testimony on the basis that she had not timely filed the report.  The record further reflects that the family court, in its final order, denied the motion and extended the deadline, nunc pro tunc, to the date on which the GAL filed her report.  Plaintiff Erickson did not appeal the final order in the underlying parenting case.  Accordingly, even if we were to assume, without deciding, that a GAL's failure to timely file a report with the appointing court is not subject to quasi-judicial immunity under Surprenant, in this case, the family court in the underlying parenting matter determined that the GAL report was timely.  Under these circumstances, the facts pleaded do not form a basis for legal relief, and the trial court did not err by dismissing the complaint.  Sivalingam, 174 N.H. at 494.

Affirmed.

MacDonald, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**