NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by E-mail at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: http://www.courts.state.nh.us/supreme.

THE SUPREME COURT OF NEW HAMPSHIRE

_____

Hillsborough-southern judicial district
No. 2017-0080


NICOLE ALWARD

v.

EMERY JOHNSTON, M.D. & a.

Argued: January 25, 2018
Opinion Issued: December 21, 2018

Swartz & Swartz, P.C., of Boston, Massachusetts (David P. Angueira on the brief and orally), for the plaintiff.


Wadleigh Starr & Peters P.L.L.C., of Manchester (Todd J. Hathaway on the joint brief and orally), for defendants Emery Johnston, M.D., and Elliot Hospital.


Sulloway & Hollis, P.L.L.C., of Concord (Peter A. Meyer and Jay Surdukowski on the joint brief), for defendant Gary D. Fleischer, M.D.


Foster & Eldridge LLP, of Cambridge, Massachusetts (Stephen M. Fiore and Martin C. Foster on the joint brief), for defendants Tung Thuy Nguyen, M.D., and Southern New Hampshire Medical Center.

HANTZ MARCONI, J. This appeal arises from the dismissal of a medical malpractice action filed by the plaintiff, Nicole Alward, against defendants Emery Johnston, M.D., Gary Fleischer, M.D., Tung Thuy Nguyen, M.D., Elliot Hospital, and Southern New Hampshire Medical Center.[1] The plaintiff argues that the Superior Court (Temple, J.) erred in granting the defendants' motion to dismiss based on the doctrine of judicial estoppel. We reverse and remand.

I

The following relevant facts are found either in the plaintiff's allegations, which we accept as true, or in the trial court's orders, recited in the light most favorable to the plaintiff. In July 2013, the plaintiff experienced persistent and severe lower back pain as well as numbness and weakness in her right leg. In July and August of 2013, she visited the emergency departments of the two defendant hospitals, was evaluated by the defendant doctors, and underwent two back surgeries. Throughout these attempts to treat her symptoms, the plaintiff's pain remained consistent and at times worsened. Thereafter, she suffered from "severe pain, bilateral weakness, and numbness, and both bowel and urinary incontinence," and was unable to work.

Following her second back surgery, the plaintiff consulted with two different attorneys about a potential medical malpractice claim. Ultimately, both attorneys advised the plaintiff that they were unwilling to represent her in a medical malpractice action against the treating physicians and hospitals. As a result, the plaintiff believed that her potential claim had no value.

The plaintiff consulted with a bankruptcy attorney, Mark Cornell, in April 2015. She informed Attorney Cornell about her potential medical malpractice claim and that other attorneys had declined to pursue it. When Cornell drafted the plaintiff's petition for chapter 7 bankruptcy, he did not list the potential medical malpractice claim on the plaintiff's schedule of assets. Cornell also failed to advise the plaintiff that she needed to disclose this potential claim to the bankruptcy trustee.

Using the documents prepared by Cornell, the plaintiff filed for chapter 7 bankruptcy on July 23, 2015. The United States Trustee appointed Steven Notinger as the chapter 7 trustee. On December 22, 2015, the bankruptcy court granted the plaintiff a discharge under 11 U.S.C. § 727 (2012).

At her ex-husband's suggestion, in February 2016, the plaintiff consulted with a third law firm, Swartz & Swartz, P.C., which agreed to represent her and pursue the medical malpractice claim. The plaintiff filed the medical malpractice action against the defendants in superior court on June 27, 2016. The plaintiff "did not understand or know that she needed to advise" the

---

[1] Other defendants named in the plaintiff's complaint did not participate in this appeal.

bankruptcy court or the trustee "of the change of status of the [p]otential [c]laim." On June 13, Notinger had filed a "Report of No Distribution" with the bankruptcy court, in which he certified that "there is no property available for distribution from the estate over and above that exempted by law," and requesting to be discharged from further duties as trustee. On July 14, the bankruptcy court issued an order closing the case and discharging the trustee.

On October 28, the defendants moved to dismiss, arguing that the plaintiff should be judicially estopped from pursuing her medical malpractice claim because she failed to disclose it on her schedule of assets. The plaintiff immediately consulted with new bankruptcy counsel, who filed a motion to reopen her bankruptcy case "to administer a potential asset" and requested the appointment of a trustee "to protect the interests of creditors and the [plaintiff]." The bankruptcy court granted the motion on November 14 and the United States Trustee appointed Notinger as the trustee.

The plaintiff then filed an objection to the defendants' motion to dismiss, asserting that her failure to list the malpractice claim on her bankruptcy schedule was the product of inadvertence or mistake, and citing federal cases recognizing that judicial estoppel should not apply under those circumstances. See, e.g., New Hampshire v. Maine, 532 U.S. 742, 753 (2001). The plaintiff also asserted that the defendants' judicial estoppel argument was "moot" in light of the fact that the bankruptcy court had granted her motion to reopen and a trustee had been appointed to administer the potential asset. She included, as exhibits to her objection, a copy of her motion to reopen, the bankruptcy court's order granting the motion, and the notice from the United States Trustee of Notinger's appointment as trustee. The plaintiff also attached a letter from Notinger to Swartz & Swartz, P.C., dated November 15, 2016, which stated: "This letter confirms that I intend to engage your firm (subject to bankruptcy court approval) to represent me in the Alward medical malpractice litigation."

The trial court granted the defendants' motion to dismiss, concluding that the plaintiff was judicially estopped from pursuing her medical malpractice claim. The court ruled that the plaintiff's failure to disclose her malpractice claim to the bankruptcy court was not due to inadvertence or mistake. The court also disagreed that "the issue of judicial estoppel was rendered moot" by the reopening of the bankruptcy case, relying on Moses v. Howard University Hospital, 606 F.3d 789 (D.C. Cir. 2010), and other federal cases cited therein. See Moses, 606 F.3d at 800 (applying judicial estoppel to the plaintiff-debtor and rejecting his argument that "he cured his failure to disclose" his claims by reopening the bankruptcy and amending his bankruptcy schedule). In ruling that the plaintiff was judicially estopped from pursuing her medical malpractice claim, the trial court noted that, "[l]ike the plaintiff in Moses, the plaintiff here only moved to reopen her bankruptcy proceedings to amend her schedule of assets after the defendants filed their

3

motion to dismiss based on judicial estoppel." The court stated that the timing of these events "strongly suggests that the plaintiff's motion . . . was prompted entirely by the defendants' motion to dismiss," which "is exactly the type of behavior that the court in Moses condemned."

The plaintiff moved for reconsideration. She argued, inter alia, that applying judicial estoppel to bar the malpractice claim would be inequitable, in part because it would allow the defendants to escape responsibility for their negligence at the expense of the plaintiff's creditors, whose interests the court must consider, given that the bankruptcy trustee had "taken control of the instant lawsuit for the benefit of the estate." Relying on Wood v. Household Finance Corp., 341 B.R. 770, 774 (W.D. Wash. 2006), the plaintiff asserted that judicial estoppel did not apply to the trustee.

In its order denying reconsideration, the court stated:

> [T]he plaintiff claims that the Chapter 7 Trustee "has now taken control of the instant lawsuit for the benefit of the estate, not for the benefit of Plaintiff/debtor," and thus the issue of judicial estoppel is moot because the Trustee cannot be held accountable for the plaintiff's prior assertions. In support of her position, the plaintiff cites [Wood], in which the court held that "there is a difference between a debtor attempting to pursue an action for his own benefit, and a trustee pursuing an action for the benefit of creditors." Wood, 341 B.R. at 774. However, in Wood, the trustee had been "substituted as the real party of interest in the instant action," entirely replacing the original plaintiff. Id. at 771. There has been no such replacement in the instant case. The Trustee has not filed an appearance, a motion to be substituted as the real party in interest, or a motion to intervene. Other than the plaintiff's bald assertion that her bankruptcy trustee has taken over the instant case, there is nothing in the record to support this contention.

(Citation omitted.) In light of this ruling, the court did not address whether judicial estoppel applied to the trustee. This appeal followed.[2]

## II

Although the plaintiff challenges the trial court's dismissal of the medical malpractice claim on a number of grounds, we need address only two. First, she contends that the trial court failed to adhere to the standard of review governing motions to dismiss by failing to construe the facts presented in the

---

[2] The trustee authorized the plaintiff's counsel to pursue the medical malpractice claim — including this appeal — on behalf of the estate.

light most favorable to her. Second, she argues that the trial court erred in applying judicial estoppel where the bankruptcy case has been reopened and the trustee is pursuing the claim on behalf of the bankruptcy estate. The defendants counter that the medical malpractice claim should be barred by judicial estoppel "regardless of whether it is pursued by [the plaintiff] or the bankruptcy trustee."

We begin by addressing the standard that governs our review of the trial court's orders. The defendants correctly note that we have not yet determined "the applicable standard of review for the dismissal of a complaint on the basis of judicial estoppel." Citing cases from the First Circuit, the defendants contend that we should review the trial court's decision regarding judicial estoppel for an "abuse of discretion." See Alternative System Concepts, Inc. v. Synopsys, 374 F.3d 23, 30-32 (1st Cir. 2004) (adopting abuse of discretion standard for reviewing trial court's application of judicial estoppel). But see Seymour v. Collins, 39 N.E.3d 961, 975-76 (Ill. 2015) (noting state and federal courts are split regarding standard of review applicable to judicial estoppel).

Courts that apply an abuse of discretion standard do so in part because judicial estoppel is an equitable doctrine. See, e.g., In re Coastal Plains, Inc., 179 F.3d 197, 205 (5th Cir. 1999). In the summary judgment context, we have explained that "we apply our traditional summary judgment standard of review to the legal issues and to the determination of whether a genuine issue of material fact exists," but "we review the trial court's decision to grant equitable relief . . . for an unsustainable exercise of discretion." Conant v. O'Meara, 167 N.H. 644, 648-49 (2015). We assume, for purposes of this appeal, that the trial court's dismissal of the complaint on the ground of judicial estoppel constituted a decision to grant equitable relief. We still begin our inquiry by applying our traditional standard of review for motions to dismiss to the legal issues presented. Cf. id. Specifically, we review issues of law de novo. See England v. Brianas, 166 N.H. 369, 371 (2014); Chatman v. Brady, 162 N.H. 362, 365 (2011); cf. Thore v. Howe, 466 F.3d 173, 182 (1st Cir. 2006) (noting First Circuit reviews de novo questions of law concerning judicial estoppel). The legal issues presented in this case include: (1) whether the trial court reviewed the defendants' motion to dismiss under the appropriate standard; and (2) our law concerning judicial estoppel in the bankruptcy context, which is an issue of first impression. We address these issues in turn.

III

In its order granting the defendants' motion to dismiss, the trial court identified the following as the applicable standard of review:

> Generally, in ruling upon a motion to dismiss, the trial court is required to determine whether the allegations contained in the [plaintiff's] pleadings are sufficient to state a basis upon which

5

relief may be granted. To make this determination, the court would normally accept all facts pled by the [plaintiff] as true, construing them most favorably to the [plaintiff]. When the motion to dismiss does not challenge the sufficiency of the [plaintiff's] legal claim but, instead, raises certain defenses, the trial court must look beyond the [plaintiff's] unsubstantiated allegations and determine, based on the facts, whether the [plaintiff] ha[s] sufficiently demonstrated [his or her] right to claim relief.

K.L.N. Construction Co. v. Town of Pelham, 167 N.H. 180, 183 (2014) (quotations and citations omitted).

We note that this standard of review is limited to "certain defenses." Id. (emphasis added). "A jurisdictional challenge based upon lack of standing is such a defense." Id. (quotation omitted). We have not, however, included judicial estoppel among such defenses. Therefore, the trial court must assume the truth of the plaintiff's allegations and construe all reasonable inferences in the light most favorable to the plaintiff as the nonmoving party. See, e.g., Surprenant v. Mulcrone, 163 N.H. 529, 530 (2012) (applying this standard to motion to dismiss based on quasi-judicial immunity); Lamprey v. Britton Constr., 163 N.H. 252, 256 (2012) (applying this standard to motions to dismiss based on statutes of limitations and repose); Paul v. Sherburne, 153 N.H. 747, 749 (2006) (applying this standard to motion to dismiss for failure to state a claim); Sutliffe v. Epping School Dist., 627 F. Supp. 2d 41, 44 (D.N.H. 2008) (explaining that a motion to dismiss based on an affirmative defense — such as judicial estoppel — must be evaluated under the same standard as a motion to dismiss for failure to state a claim, which requires the trial court to "accept the well-pleaded factual allegations . . . as true, drawing all reasonable inferences in the plaintiff's favor"), aff'd, 584 F.3d 314 (1st Cir. 2009).

The trial court indicated that it was assuming the truth of the plaintiff's allegations in its order granting the defendants' motion to dismiss. In denying the plaintiff's motion for reconsideration, however, the trial court stated: "Other than the plaintiff's bald assertion that her bankruptcy trustee has taken over the instant case, there is nothing in the record to support this contention." In so ruling, the trial court erred in two respects. First, it failed to credit the plaintiff's allegation as true, instead imposing a requirement that the plaintiff submit evidence supporting her contention. This is inconsistent with the standard of review applicable at the motion to dismiss stage. See Surprenant, 163 N.H. at 530; Lamprey, 163 N.H. at 256; Paul, 153 N.H. at 749. Second, the trial court overlooked that the plaintiff had attached supporting documentation to her objection to the motion to dismiss. See Beane v. Dana S. Beane & Co., 160 N.H. 708, 711 (2010) (holding that, in ruling on a motion to dismiss, the trial court may consider, among other things, "documents attached to the plaintiff's pleadings"); DiFruscia v. N.H. Dept. of Pub. Works & Highways, 136 N.H. 202, 204 (1992) ("[I]f additional evidence is submitted,

6

without objection, the trial court should consider it when making its ruling [on a motion to dismiss].").  Specifically, the plaintiff attached (1) the bankruptcy court's order granting the motion to reopen to administer the potential asset of the estate (i.e., the medical malpractice claim), (2) the notice of Notinger's appointment as trustee of the estate, and (3) a letter from Notinger stating his intention to retain the plaintiff's present counsel to represent him in the pending malpractice action.

IV

Because the trial court rejected the factual premise that the bankruptcy trustee is pursuing the medical malpractice claim on behalf of the estate, the court did not address whether judicial estoppel should bar the trustee's pursuit of this claim.  The application of judicial estoppel to a trustee pursuing a claim on behalf of a bankruptcy estate presents an issue of first impression in this jurisdiction.  We will address this issue on appeal, instead of remanding for the trial court to consider it in the first instance, because the parties have briefed the issue and it presents a question of law in this context.  See Lynn v. Wentworth By The Sea Master Ass'n, 169 N.H. 77, 84 (2016) (addressing question of law in the interest of judicial economy instead of remanding to the trial court); cf. Thore, 466 F.3d at 182 (reviewing question of law concerning judicial estoppel de novo).

A

Before discussing the law concerning judicial estoppel, we provide a brief overview of the relevant bankruptcy principles that affect our analysis.  The trustee acts as the representative of the chapter 7 bankruptcy estate, which is created when the debtor files a bankruptcy petition under chapter 7 of the bankruptcy code, 11 U.S.C. §§ 701 et seq.  See 11 U.S.C. §§ 323(a), 541(a) (2012); Slater v. U.S. Steel Corp., 871 F.3d 1174, 1179 (11th Cir. 2017) (en banc).  Upon the filing of the petition, all of the debtor's legal and equitable interests in property — including tort claims that accrued before the debtor filed her petition — are immediately transferred to a bankruptcy estate and become property of that estate.  Auday v. Wet Seal Retail, Inc., 698 F.3d 902, 904 (6th Cir. 2012); see Slater, 871 F.3d at 1179; 11 U.S.C. § 541(a)(1).  This is true even if the interest is not disclosed on the debtor's bankruptcy schedule. See Kane v. National Union Fire Ins. Co., 535 F.3d 380, 385 (5th Cir. 2008) (per curiam).

Property that is not abandoned or administered remains property of the bankruptcy estate.  Id.; see 11 U.S.C. § 554(d) (2012).  Therefore, "[e]ven after the [bankruptcy] case is closed, the estate continues to retain its interest in unscheduled property."  5 Alan N. Resnick & Henry J. Sommer, Collier on Bankruptcy ¶ 554.03, at 554-16 (16th ed. 2010); accord Philbrick v. Burbank, 101 N.H. 311, 313 (1958) (adopting the view that "the legal title to [an

7

unadministered] asset, while necessarily resting in the bankrupt for such purpose as the bringing of a suit thereon, is in custodia legis in the bankruptcy court if the property in question was never abandoned or disposed of").

Because the bankruptcy court has not administered the medical malpractice claim, and the trustee has not abandoned it, the claim is the property of the bankruptcy estate. See 11 U.S.C. § 554(d); Kane, 535 F.3d at 385. The trustee, as the representative of the estate, is vested with the authority to pursue that claim against the defendants as an asset of the estate. See Reed v. City of Arlington, 650 F.3d 571, 575 (5th Cir. 2011) (en banc); Moses, 606 F.3d at 793; see also Metrou v. M.A. Mortenson Co., 781 F.3d 357, 360 (7th Cir. 2015) ("The Trustee is entitled to pursue this litigation as an asset of the estate in bankruptcy."). Thus, by operation of law, the trustee is the real party in interest. See Moses, 606 F.3d at 795-97; Kane, 535 F.3d at 385; Parker v. Wendy's Intern., Inc., 365 F.3d 1268, 1272 (11th Cir. 2004); Stephenson v. Malloy, 700 F.3d 265, 272 (6th Cir. 2012); Hamm v. Norfolk Southern Ry. Co., 52 So. 3d 484, 490 (Ala. 2010).

B

The defendants contend that judicial estoppel should apply in this case because the trustee "did not affect any substitution or intervention" while the case was in the trial court, and, they assert, "[t]he appeal has been brought by [Alward], not the trustee." In support of their position, the defendants rely on an unpublished Eleventh Circuit decision, Pavlov v. Ingles Markets, Inc., 236 F. App'x 549 (11th Cir. 2007) (per curiam). We agree with other courts that, under similar circumstances, have found Pavlov inapposite. See Moses v. Howard University Hosp., 601 F. Supp. 2d 1, 4 (D.D.C. 2009), aff'd 606 F.3d 789. In Pavlov, judicial estoppel was not "invoked to bar the claims of a blameless bankruptcy trustee who had failed to formally intervene but nevertheless clearly expressed [his] intent to prosecute a debtor's claim on behalf of the bankruptcy estate." Id. "Rather, the doctrine was invoked to bar the claims of [an] individual debtor[ ] notwithstanding the possibility that th[e] debtor['s] bankruptcy trustee[ ] — who had failed to inject [himself] into the case 'through intervention or otherwise' — might have some interest in the action." Id. (citation omitted) (quoting Pavlov, 236 F. App'x at 550).

In this case, unlike in Pavlov, the bankruptcy trustee has clearly expressed his intent to pursue the claim on behalf of the estate. See id. Indeed, the trustee authorized the plaintiff's counsel to pursue the medical malpractice claim, including prosecuting this appeal, on behalf of the estate. Cf. Slater, 871 F.3d at 1178 (noting the bankruptcy trustee filed, and the bankruptcy court granted, a motion "request[ing] to employ the lawyers who were representing Slater in her employment action to continue to pursue the claims against U.S. Steel on behalf of the estate"); Auday, 698 F.3d at 904 (noting the trustee "applied to the bankruptcy court for authority to hire

8

Auday's lawyer . . . to pursue the claim against Wet Seal," and the bankruptcy court granted the application). Furthermore, the trustee is the real party in interest by operation of law. See Moses, 606 F.3d at 795-97; Kane, 535 F.3d at 385; Parker, 365 F.3d at 1272; Stephenson, 700 F.3d at 272; Hamm, 52 So. 3d at 490. Under these circumstances, a motion to substitute would be "a mere formality" that confirms, rather than initiates, the trustee's status as the real party in interest. Moses, 606 F.3d at 796-97. Therefore, we disagree with the defendants that the absence of such a substitution is a basis for applying judicial estoppel to the trustee.

C

We now turn to the law concerning judicial estoppel. New Hampshire has adopted the doctrine of judicial estoppel as part of its common law. See Kelleher v. Marvin Lumber & Cedar Co., 152 N.H. 813, 848 (2005). "The doctrine of judicial estoppel generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." Cohoon v. IDM Software, 153 N.H. 1, 4 (2005) (quotation omitted); accord New Hampshire v. Maine, 532 U.S. at 749. "The general function of judicial estoppel is to prevent abuse of the judicial process, resulting in an affront to the integrity of the courts." Pike v. Mullikin, 158 N.H. 267, 270 (2009) (quotation omitted).

> While the circumstances under which judicial estoppel may be invoked vary with each situation, the following three factors typically inform the decision whether to apply the doctrine: (1) whether the party's later position is clearly inconsistent with its earlier position; (2) whether the party has succeeded in persuading a court to accept that party's earlier position; and (3) whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.

In the Matter of Carr & Edmunds, 156 N.H. 498, 502 (2007); see Kelleher, 152 N.H. at 848 (adopting these factors from New Hampshire v. Maine, 532 U.S. at 750-51). "'Additional considerations may inform the doctrine's application in specific factual contexts.'" Cohoon, 153 N.H. at 6 (quoting New Hampshire v. Maine, 532 U.S. at 751).

Because we have never addressed the application of judicial estoppel in the bankruptcy context, we look to other jurisdictions for guidance. Several courts, including the First Circuit, have held "that a failure to identify a claim as an asset in a bankruptcy proceeding is a prior inconsistent position that may serve as the basis for application of judicial estoppel, barring the debtor from pursuing the claim in a later proceeding." Guay v. Burack, 677 F.3d 10, 17 (1st Cir. 2012) (emphasis added); see, e.g., Moses, 606 F.3d at 799-800;

9

Eastman v. Union Pacific R. Co., 493 F.3d 1151, 1157-60 (10th Cir. 2007); Jethroe v. Omnova Solutions, Inc., 412 F.3d 598, 600-01 (5th Cir. 2005). With respect to whether the trustee should be barred from pursuing the claim, federal courts that have considered the issue have held that "judicial estoppel does not bar a bankruptcy trustee from pursuing claims that the debtor failed to disclose." Stephenson, 700 F.3d at 271; see Metrou, 781 F.3d at 360; Reed, 650 F.3d at 573; Parker, 365 F.3d at 1272; Eastman, 493 F.3d at 1155 n.3 (noting, in dicta, that the district court's application of judicial estoppel against the trustee was "[q]uite likely" "inappropriate"); In re Riazuddin, 363 B.R. 177, 187-88 (B.A.P. 10th Cir. 2007); see also Hamm, 52 So. 3d at 494.

Courts that have adopted this rule cite several justifications. One is that, unlike the plaintiff-debtor, the bankruptcy trustee "never took an inconsistent position . . . with regard to this claim." Parker, 365 F.3d at 1272; accord Stephenson, 700 F.3d at 272; Riazuddin, 363 B.R. at 188; Hamm, 52 So. 3d at 494; see also Cannon-Stokes v. Potter, 453 F.3d 446, 448 (7th Cir. 2006) (opining that "unless the estate itself engages in contradictory litigation tactics the elements of judicial estoppel are not satisfied"). We agree with this reasoning. The first judicial estoppel factor is not met with respect to the trustee because the trustee did not assert inconsistent positions. See Parker, 365 F.3d at 1272; Stephenson, 700 F.3d at 272; Riazuddin, 363 B.R. at 188; Hamm, 52 So. 3d at 494. We need not consider the remaining judicial estoppel factors because we find the lack of inconsistent positions dispositive in this case. See Pike, 158 N.H. at 271 ("Because we find no contradiction in the positions taken, we do not consider the remaining factors which inform the application of judicial estoppel."); Porter v. City of Manchester, 155 N.H. 149, 157 (2007) (same).

The defendants recognize that courts have declined to apply judicial estoppel to a bankruptcy trustee pursuing a claim not disclosed by the debtor, but urge us to reject this view. According to the defendants, "the better rule for the integrity of the judicial system as a whole is that [judicial] estoppel should bind the trustee as well" as the debtor.

As an initial matter, we note that there is some debate over which court's integrity should be the focus of the doctrine. Compare Reed, 650 F.3d at 572 ("[T]he purpose of judicial estoppel . . . in this context is to protect the integrity of the bankruptcy process."), with Ah Quin v. County of Kauai Dept. of Transp., 733 F.3d 267, 275 (9th Cir. 2013) ("[P]rotecting" and "promoting the efficient operation of the bankruptcy system" "differs from the goal of judicial estoppel — protecting the integrity of the courts"), and Eastman, 493 F.3d at 1156 ("[T]he court where the judicial estoppel defense arises . . . is the court interested in protecting its process."). For purposes of this appeal, we assume that the bankruptcy system is part of the "judicial process" with which the doctrine of judicial estoppel is concerned. Cf. Pike, 158 N.H. at 270 ("The general function of judicial estoppel is to prevent abuse of the judicial process,

resulting in an affront to the integrity of <u>the courts</u>." (emphasis added) (quotation omitted)).

The defendants argue that judicial estoppel is necessary to protect the integrity of the bankruptcy system because it incentivizes debtors to fully disclose their assets. We agree with the Ninth Circuit that this justification "do[es] not withstand scrutiny." <u>Ah Quin</u>, 733 F.3d at 274. "[T]he bankruptcy system already provides plenty of protections." <u>Id</u>. at 275. For example, "the [b]ankruptcy [c]ode allows a bankruptcy case to be reopened in order to administer assets of the estate." <u>Reed</u>, 650 F.3d at 575; <u>see</u> 11 U.S.C. § 350(b) (2012). Additionally, "the bankruptcy court has tools of its own to punish a debtor who it determines purposefully tried to hide assets." <u>Slater</u>, 871 F.3d at 1187. "Punishment of dishonest debtors and deterrence of those who would intentionally omit assets from their schedules is adequately addressed . . . in the [bankruptcy code] provisions for denial or revocation of discharge, and in the case law, which allows exemptions to be denied for a debtor's bad faith." <u>Riazuddin</u>, 363 B.R. at 187. In sum, the bankruptcy court "is quite capable of fashioning a punishment which will redress [the debtor's] lack of timely disclosure" if the omission was intentional. <u>In re Lewis</u>, 273 B.R. 739, 748 (Bankr. N.D. Ga. 2001). Thus, we agree that "alternative mechanisms exist to more equitably protect the integrity of the bankruptcy system (and prevent undue benefit to the debtor) than the harsh rule imposed" by applying judicial estoppel to the bankruptcy trustee. <u>Robinson v. District of Columbia</u>, 10 F. Supp. 3d 181, 190 n.9 (D.D.C. 2014).

We also agree with courts that have recognized how the application of judicial estoppel under these circumstances would be inequitable and would undermine, rather than promote, judicial integrity. "We recognize that all courts have a strong interest in discouraging the misuse of the legal system . . . . It makes little sense, however, to try to further this interest by punishing those whom the truthful disclosure of assets is intended to benefit." <u>Riazuddin</u>, 363 B.R. at 187. Indeed, "[e]stopping the [t]rustee from pursuing the [claim] against the [defendants] would thwart one of the core goals of the bankruptcy system — obtaining a maximum and equitable distribution for creditors — by unnecessarily vaporizing the assets effectively belonging to innocent creditors." <u>Reed</u>, 650 F.3d at 576 (quotation omitted). Furthermore, it would be "an incongruent remedy" to allow the alleged tortfeasors to escape liability while punishing the creditors of the estate. <u>Thompson v. Quarles</u>, 392 B.R. 517, 527 (S.D. Ga. 2008); <u>see also</u> <u>In re Flugence</u>, 738 F.3d 126, 132 (5th Cir. 2013) (stating that this would "turn[ ] equity on its head"). In effect, this would "cause the very result the doctrine is intended to prevent" — it would "impair[ ] the integrity of the judicial system." James D. Walker, Jr. & Amber Nickell, <u>Judicial Estoppel and the Eleventh Circuit Consumer Bankruptcy Debtor</u>, 56 Mercer L. Rev. 1115, 1128 (2005). Therefore, we conclude that "[i]mposing the doctrine of judicial estoppel on an innocent bankruptcy trustee, which, in turn, punishes innocent creditors for the mistakes of a debtor, does

not further the purpose of protecting the integrity of the judicial process." Hamm, 52 So. 3d at 497.

We are also not persuaded by the cases the defendants cite in support of their position that the trustee should be judicially estopped from pursuing the claim. For example, Guay, Moses, and In re Superior Crewboats, Inc., 374 F.3d 330 (5th Cir. 2004), are inapposite because the trustee had abandoned the claims in each case, and thus the application of judicial estoppel to the bankruptcy trustee was not at issue. See Guay, 677 F.3d at 15; Moses, 606 F.3d at 791, 795; Superior Crewboats, 374 F.3d at 333. Instead, the issue in those cases was whether the debtors should be judicially estopped from pursuing the claims. See Guay, 677 F.3d at 17; Moses, 606 F.3d at 792; Superior Crewboats, 374 F.3d at 332, 334-36. Indeed, the Fifth Circuit distinguished Superior Crewboats on this basis in Kane and Reed and held that judicial estoppel did not bar the trustee from pursuing the claims. See Kane, 535 F.3d at 386-87; Reed, 650 F.3d at 578. The Fifth Circuit reasoned, and we agree, that it would be inequitable to bar the trustee from pursuing the medical malpractice claim "for the benefit of the estate's creditors." Kane, 535 F.3d at 387; accord Reed, 650 F.3d at 576-77.

The Eleventh Circuit adopted the same rule in Parker, holding that judicial estoppel does not bar the bankruptcy trustee from pursuing the claim. See Parker, 365 F.3d at 1269, 1272. The Eleventh Circuit reasoned, and we agree, "that because the trustee was the real party in interest in the civil lawsuit, had never taken an inconsistent position . . . , and had not abandoned the discrimination claim," the trustee's pursuit of that claim was not barred by judicial estoppel. Slater, 871 F.3d at 1184; see Parker, 365 F.3d at 1272. Accordingly, we conclude that the defendants' reliance on a different Eleventh Circuit case, Burnes v. Pemco Aeroplex, Inc., 291 F.3d 1282 (11th Cir. 2002), overruled in part by Slater, 871 F.3d 1174, is misplaced. "[U]nlike Parker, Burnes did not address the application of judicial estoppel to the interests of a bankruptcy trustee who seeks to prosecute claims connected to a bankruptcy estate." Thompson v. Earthlink Shared Services, LLC, 956 F. Supp. 2d 1317, 1319 (N.D. Ala. 2013); see Burnes, 291 F.3d at 1283 (applying judicial estoppel to the plaintiff-debtor). Moreover, after the parties submitted their briefs, the Eleventh Circuit overruled Burnes on the point for which the defendants cite it, and reaffirmed Parker's "continued viability." Slater, 871 F.3d at 1185-86, 1188 n.16. Therefore, we disagree with the other cases cited by the defendants that apply Burnes instead of Parker.

D

The defendants also argue that the trustee should be bound by the plaintiff's conduct for purposes of judicial estoppel. We are not persuaded by the case the defendants rely on for this proposition. See In re Fineberg, 202 B.R. 206, 227-28 (Bankr. E.D. Pa. 1996) (raising the issue of judicial estoppel

12

sua sponte and observing, in dicta, that the trustee's claims "could conceivably" be barred by judicial estoppel because the debtor and the trustee were "in a relationship of privity with each other"). Instead, we think the better rule is that followed by several federal appellate courts: "where the defense of judicial estoppel arises from a debtor's failure to disclose a claim in his bankruptcy filings and his subsequent pursuit of that claim, the trustee receives the asset free of this . . . defense." Stephenson, 700 F.3d at 271 n.6 (quotation, brackets, and ellipsis omitted); accord Reed, 650 F.3d at 575-76; Parker, 365 F.3d at 1272 n.3; Riazuddin, 363 B.R. at 188.

Courts that have adopted this rule reason that the bankruptcy code "distinguishes between the debtor and the debtor's estate immediately upon the filing of a [c]hapter 7 bankruptcy." Reed, 650 F.3d at 574. As the Fifth Circuit explained, "the general principle that a trustee receives causes of action subject to defenses that could have been raised against the debtor 'has been properly limited to pre-petition defenses to a cause of action that would have been applicable to a debtor if no bankruptcy case had been filed.'" Id. at 575 (emphasis added) (quoting Riazuddin, 363 B.R. at 188). The debtor's omission of a claim from her bankruptcy schedule or failure to amend her schedule to disclose an asset is considered post-petition conduct, which "does not adhere to the [t]rustee." Id. at 574-75; see Riazuddin, 363 B.R. at 188. Therefore, because the plaintiff's conduct giving rise to the defendants' judicial estoppel defense did not occur until after the bankruptcy petition was filed and the potential claim had passed into the bankruptcy estate, the estate received the asset free of this defense. See Reed, 650 F.3d at 576; Parker, 365 F.3d at 1272 n.3; Riazuddin, 363 B.R. at 188.

E

The defendants next argue that the trustee should be judicially estopped from pursuing the medical malpractice claim in light of "the specific facts of this case" — namely, an agreement between the trustee and the plaintiff to split the proceeds of any recovery. For this point, the defendants rely on a document that was never submitted to the trial court: a motion filed in the bankruptcy case by the trustee on November 22, 2016, indicating that the trustee and the plaintiff "have agreed to split the net proceeds" of the medical malpractice action "50/50," and requesting that the bankruptcy court approve this "settlement" under Federal Rule of Bankruptcy Procedure 9019(a). See Fed. R. Bankr. P. 9019(a) ("On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement.").

As a general matter, we will not consider documents that were not submitted to the trial court because they are not part of the record. See Sup. Ct. R. 13(1); Flaherty v. Dixey, 158 N.H. 385, 387 (2009). Nevertheless, we will consider the trustee-plaintiff agreement in deciding this appeal in light of the unusual circumstances presented, which include the fact that we are deciding

13

an issue not reached by the trial court, rather than remanding for the trial court to consider it in the first instance, and we expect that this document would be submitted to the trial court were we instead to remand the case for the trial court to determine whether judicial estoppel applies to the trustee in this case. Additionally, the plaintiff has not moved to strike this document from the defendants' appendix, her counsel acknowledged the existence of the agreement at oral argument, and both counsel had an opportunity to address it.

The trustee-plaintiff agreement has no effect on our conclusion that the trustee is not judicially estopped from pursuing the medical malpractice claim against the defendants. Any agreement between the bankruptcy trustee and the plaintiff to split potential proceeds from the malpractice lawsuit is subject to approval by the bankruptcy court, after a hearing and notice to the creditors. See Fed. R. Bankr. P. 9019(a). The bankruptcy court is solely responsible for deciding how best to administer the assets of an estate in a manner that protects creditors. See Metrou, 781 F.3d at 360.

V

In sum, the trial court erred in dismissing the medical malpractice claim against the defendants on the basis of judicial estoppel. That claim belongs to the bankruptcy estate. See Parker, 365 F.3d at 1272-73. The representative of that estate, the bankruptcy trustee, is vested with the authority to pursue that claim and is the real party in interest. See Moses, 606 F.3d at 793, 795-97. The trustee "did not make any inconsistent statements to the courts," and the trustee is "not tainted or burdened" by the plaintiff's inconsistent statements. Parker, 365 F.3d at 1269, 1273. Furthermore, it would be inequitable to apply judicial estoppel to a trustee pursuing a claim on behalf of innocent creditors, and doing so would undermine, rather than protect, the integrity of the judicial process. For all of these reasons, we hold that the trustee is not judicially estopped from pursuing the medical malpractice claim against the defendants. In light of this holding, we need not address the parties' remaining arguments, which concern the application of judicial estoppel to the plaintiff. See Thompson, 956 F. Supp. 2d at 1322 & n.6.

Reversed and remanded.

LYNN, C.J., and BASSETT, J., concurred.

14