# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2018-0154, <u>Boat Works Condominium Association v. Evelyn Sanborn & a.</u>, the court on August 20, 2019, issued the following order:**

Having considered the briefs and oral arguments of the parties, the court concludes that a formal written opinion is unnecessary in this case. Lisa Beaudoin, owner of one of the units in the Boat Works Condominium, appeals an order of the Superior Court (<u>Howard</u>, J.) denying the motion for summary judgment filed by Boat Works Condominium Association (Boat Works), which she supported, and granting summary judgment to Lisa Struble, owner of another unit in the condominium. We vacate and remand.

The material facts are not in dispute. The Boat Works Condominium was formed in 1981 and is comprised of three units. The declaration provided that the condominium "shall contain no limited common areas." At the time the present litigation began, Evelyn Sanborn owned Unit A, Lisa Beaudoin owned Unit B, and Linda Struble owned Unit C.

In 1982, the original declarants amended the Declaration of Condominium to declare certain common areas appurtenant to Unit C, including the land between Unit B and Unit C, as "limited common area for the benefit of Unit C" (hereafter, the 1982 amendment). The declarants did not file an amended site plan delineating the limited common area.

In 1984, 1997, and 2000, more amendments were filed purporting to create additional limited common areas. In 2004, an amendment was filed, signed by the owners of Units B and C, that purported to clarify and restate the limited common area designations for Units B and C. The amendment stated that, to the extent "past amendments were not unanimously approved by all Unit Owners, this Amendment complies with current condominium law, having been consented to by two-thirds of the votes in the unit owners' association, as required by RSA 356-B:19." <u>See</u> RSA 356-B:19 (2009). Sanborn, owner of Unit A, did not sign the amendment and she subsequently filed a lawsuit seeking to void it. In 2005, the Trial Court (<u>Mohl</u>, J.) found in Sanborn's favor, ruling that the amendment violated RSA 356-B:19 and was therefore invalid.

In 2017, Boat Works initiated the present litigation by filing a petition for clarification, to which Sanborn, Beaudoin, and Struble responded, to determine whether the 1982 amendment still "stand[s]" and, if it does, "the metes and bounds" of the limited common area, whether Unit B has an easement over the

limited common area, and whether the ruling on the 2004 Amendment invalidated all of the previous limited common area grants. At issue primarily is a strip of land between Units B and C. Struble moved to dismiss, arguing that under the doctrines of collateral estoppel, equitable estoppel, and the statute of limitations, the petition should be dismissed. Boat Works and Beaudoin objected.

The Trial Court (Howard, J.) denied Struble's motion finding, in part, that the doctrine of collateral estoppel does not apply because

> the issues in the instant litigation are different than those in the 2004 litigation. The 2004 litigation involved the validity of an amendment that attempted to create additional limited common areas over the objection of a unit owner. The instant litigation involves the validity of the creation of limited common area for the benefit of Unit C by the original declarants and the precise dimensions of any such limited common area.

Subsequently, Boat Works filed a motion for summary judgment arguing that, under Holt v. Keer, 167 N.H. 232 (2015), none of the previously filed amendments were valid because all of the affected owners had to agree to change pre-existing common or limited common areas. Therefore, the strip of land between Units B and C "is common area to be utilized by all [o]wners." See RSA 356-B:16, :19 (2009) (amended 2018); Holt, 167 N.H. at 242 ("[A]ny amendment to the condominium documents that changes a unit owner's rights to limited common area requires the unanimous consent of all 'adversely affected' owners."). Beaudoin filed a response in support of Boat Works' motion for summary judgment, in which she agreed that "all attempts to create a limited common area since the Amended Declaration dated August 31, 1984 are invalid and do not create any limited common [areas]." Beaudoin asserted that the only question remaining was whether the 1982 amendment "created a limited common area for the benefit of Unit C without a site plan being recorded." See RSA 356-B:19, :20 (Supp. 2018). She then requested that "any attempts to create a limited common area be determined to be unlawful as they have not complied with RSA 356-B."

Struble objected to the motion and sought summary judgment in her own right. Struble argued that the "1982 Amendment to the Declaration assigning Limited Common Area to Unit C was validly made by the Declarants" and the "description of the Limited Common Area assigned to Unit C in the Declarants' 1982 Amendment is clear, unambiguous and is depicted on the amended Condominium Site Plan." Sanborn did not file a response. Following a hearing, the trial court ruled, in part, that: (1) Boat Works, Beaudoin, and Sanborn are "estopped, judicially or otherwise, from contesting the validity of the 1982 Amendment"; (2) Beaudoin is "collaterally estopped from challenging the validity of the 1982 Amendment"; (3) "the location and dimensions of the

2

limited common area established by the 1982 Amendment are as depicted on Boat Works' Exhibit I and Struble's Exhibit 3"; and (4) "to the extent he deems necessary, counsel for Boat Works is authorized to retain a New Hampshire licensed surveyor to stake the Unit C limited common area at issue in this case."

Beaudoin filed a motion for reconsideration, which the trial court denied. This appeal followed.[1]

In reviewing the trial court's rulings on cross-motions for summary judgment, we consider the evidence in the light most favorable to each party in its capacity as the nonmoving party and, if no genuine issue of material fact exists, we determine whether the moving party is entitled to judgment as a matter of law. JMJ Properties, LLC v. Town of Auburn, 168 N.H. 127, 129 (2015). If our review of that evidence discloses no genuine issue of material fact and if the moving party is entitled to judgment as a matter of law, then we will affirm the grant of summary judgment. Id. at 129-30. If, as in this case, the parties filed cross-motions for summary judgment on a set of undisputed facts, we need only review, de novo, the trial court's application of the law to the facts. Id. at 130.

As to our review of the trial court's application of judicial estoppel, we recognize that it is an equitable doctrine. See Alward v. Johnston, 171 N.H. 574, 580 (2018). In the summary judgment context, we have explained that we apply our traditional summary judgment standard of review to the legal issues and to the determination of whether a genuine issue of material fact exists, but we review the trial court's decision to grant equitable relief for an unsustainable exercise of discretion. Conant v. O'Meara, 167 N.H. 644, 648-49 (2015). Nonetheless, we review questions of law concerning judicial estoppel de novo. See Alward, 171 N.H. at 580.

On appeal, Beaudoin argues that the trial court erred in finding that the doctrines of judicial estoppel and collateral estoppel bar her challenge involving the area of land between Units B and C purportedly designated by the 1982 amendment. New Hampshire has adopted the doctrine of judicial estoppel as part of its common law. Id. at 584. The doctrine of judicial estoppel generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase. Id. The

---

[1] As an initial matter, Struble argues that Beaudoin failed to adequately present her questions in the notice of appeal and, thus, we should not address them. See State v. Blackmer, 149 N.H. 47, 49 (2003) (we will not review any issue addressed in the appellant's brief that she did not raise in her notice of appeal). In her notice of appeal, Beaudoin stated that "[t]he trial court incorrectly applied the doctrine of estoppel." Because this statement is sufficiently similar to the briefed questions, we conclude that the notice of appeal preserved her arguments challenging the trial court's rulings on both judicial and collateral estoppel.

general function of judicial estoppel is to prevent abuse of the judicial process, resulting in an affront to the integrity of the courts. Id.

While the circumstances under which judicial estoppel may be invoked vary with each situation, the following three factors typically inform the decision whether to apply the doctrine: (1) whether the party's later position is clearly inconsistent with its earlier position; (2) whether the party has succeeded in persuading a court to accept that party's earlier position; and (3) whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped. Id. Additional considerations may inform the doctrine's application in specific factual contexts. Id.

In considering the above factors, the trial court determined that the first two factors weighed in favor of "the application of judicial estoppel against . . . Beaudoin on the issue of the validity of the 1982 Amendment" despite the third factor not being present. As to the first factor, the trial court found that Beaudoin "conceded the validity of the 1982 Amendment in her objection to the motion to dismiss" by acknowledging that Unit C has some limited common area and this concession is "clearly inconsistent" with her position on summary judgment, in which she attacks the validity of the 1982 amendment. Because we conclude that the second and third factors weigh against the application of judicial estoppel, we need not consider the extent to which these positions were "clearly inconsistent."

As to the second factor, there is nothing in the record to indicate that Beaudoin persuaded the trial court at the motion to dismiss stage to accept her alleged representation that the 1982 amendment was valid. The interpretation of a trial court order is a question of law, which we review de novo. Choquette v. Roy, 167 N.H. 507, 513 (2015). At the motion to dismiss stage, the trial court determined that the instant litigation involves the "validity of the creation of limited common area for the benefit of Unit C by the original declarants and the precise dimensions of any such limited common area." The trial court acknowledged that Boat Works initiated this litigation to determine whether the 1982 amendment is valid and the court denied Struble's motion to dismiss in order to resolve this question, which had not yet been addressed. Accordingly, despite the trial court's characterization of Beaudoin's position as "not appear[ing] to dispute that limited common area was created in 1982 for the benefit of Unit C," the record does not indicate that the trial court accepted this position. Indeed, it appears that the court took no position on the issue as it was not necessary to decide the matter before it, namely, whether the issues involved in this litigation were resolved in the 2004 litigation.

As to the third factor, the trial court found that Beaudoin would not derive an unfair advantage by being able to challenge the validity of the 1982 amendment at the motion for summary judgment stage. We agree.

4

Accordingly, because the second and third factors are not met, we conclude that the trial court committed an unsustainable exercise of discretion in applying the doctrine of judicial estoppel.

Beaudoin next argues that the trial court erred in ruling that the doctrine of collateral estoppel barred her from challenging the validity of the 1982 amendment. The issue of whether the trial court properly applied the doctrine of collateral estoppel presents a question of law in this case. See Tyler v. Hannaford Bros., 161 N.H. 242, 246 (2010) (applicability of collateral estoppel is question of law that we review de novo). Spurred by considerations of judicial economy and a policy of certainty and finality in our legal system, the doctrines of res judicata and collateral estoppel have been established to avoid repetitive litigation so that at some point litigation over a particular controversy must come to an end. Stewart v. Bader, 154 N.H. 75, 80 (2006). The doctrine of collateral estoppel bars a party to a prior action, or a person in privity with such a party, from relitigating any issue or fact actually litigated and determined in the prior action. Id.

For collateral estoppel to apply, three basic conditions must be satisfied: (1) the issue subject to estoppel must be identical in each action; (2) the first action must have resolved the issue finally on the merits; and (3) the party to be estopped must have appeared as a party in the first action, or have been in privity with someone who did. Id. at 80-81. "These conditions must be understood, in turn, as particular elements of the more general requirement, that a party against whom estoppel is pleaded must have had a full and fair prior opportunity to litigate the issue or fact in question." Id. at 81 (quotation omitted).

Here, the trial court determined that Beaudoin is collaterally estopped from asserting that the 1982 amendment is invalid because, in the 2004 litigation, a party with whom she was in privity "did not deny the validity of the 1982 amendment establishing limited common area for Unit C." However, the trial court appeared to misapprehend the law of collateral estoppel when it cited the case of Stewart, 154 N.H. at 80, for the proposition that the "doctrine of collateral estoppel serves to preclude the litigation of issues in a subsequent action when identical issues in a prior litigation were raised or could have been raised by a party common to the litigation." (Emphasis added).

The doctrine of collateral estoppel applies to those issues or facts "actually litigated and determined in the prior action." Id. at 80 (emphasis added). The 2004 litigation involved the validity of the June 2004 amendment, not the validity of the 1982 amendment. Moreover, the issues surrounding the validity of these amendments are different because they arose under different circumstances: in 2004, two of the three unit owners in the condominium voted to amend the condominium declarations, whereas in 1982, the amendment was purportedly created by the original declarants of the

5

condominium who held title to the entire condominium property. Thus, in the 2004 litigation, the trial court did not address the validity of the 1982 amendment; nor was the issue of the validity and enforceability of the 1982 amendment at issue.

On appeal, Struble contends that Beaudoin did not challenge the trial court's ruling on collateral estoppel in her motion for reconsideration and, therefore, she has not preserved this argument for appeal. However, we have discretion to correct a plain error that affects the appealing party's substantial rights, even if that party failed to raise that argument in the trial court. See Randall v. Abounaja, 164 N.H. 506, 510 (2013); Sup. Ct. R. 16-A. "To find plain error: (1) there must be an error; (2) the error must be plain; (3) the error must affect substantial rights; and (4) the error must seriously affect the fairness, integrity or public reputation of judicial proceedings." Randall, 164 N.H. at 510 (quotation omitted).

In this case, because the trial court misstated the law it relied upon, we conclude that the trial court erred and that the error was plain. See Hilario v. Reardon, 158 N.H. 56, 60 (2008). The error affected Beaudoin's substantial rights because it affected the outcome of the proceeding. See In the Matter of Kurowski & Kurowski, 161 N.H. 578, 591 (2011). Finally, the error seriously affected the fairness of the judicial proceeding by, among other things, denying Beaudoin an opportunity to establish the invalidity of the 1982 amendment.

Because the trial court's ruling that Struble had exclusive use of the property between Units B and C was based upon its erroneous conclusion that the other parties were estopped from challenging the validity of the 1982 amendment, we vacate the trial court's order and remand the case to the trial court to determine de novo the validity and enforceability of the 1982 amendment. We leave it to the trial court to determine whether a further hearing is necessary.

Vacated and remanded.

LYNN, C.J., and HICKS, BASSETT, HANTZ MARCONI, and DONOVAN, JJ., concurred.

**Eileen Fox,**
**Clerk**

6